Mr. Justice NELSON,
dissenting. I am unable to agree to the opinion of the majority of the Court in this case. The main issue presented on the pleadings and proofs involves the question, whether or not, the free navigation of the Mississippi river is obstructed by the erection of the bridge in question across its bed.
The bridge spans the entire stream. As I understood the opinion, it neither denies nor admits the obstruction, but places the decision upon the ground, that .the jurisdiction of the Court is incompetent to reach or deal with the question.
The east line of the boundary of the State of Iowa and which constitutes the boundary of the District of the Federal Court, and of course of its jurisdiction, is the middle of the Mississippi river: and the same line constitutes the west boundary of the State of Illinois, and of course the limit of the jurisdiction of the Federal Court in that State. One moiety, therefore, of the bed of this river is embraced within the local jurisdiction of this Court for the District of Iowa and- the other moiety within the jurisdiction .of the Court for the District of Illinois. Neither Court possess any local jurisdiction over the entire river, and hence the idea that neither Court is competent or equal to deal with the obstruction; *497 and especially that the Court in the Iowa District cannot deal with it on the Illinois side ; and for the same reason the Court in the Illinois District could not, if the suit was in that Court, deal with it on the Iowa side.
Now one plain answer to this course of argument seems to me is, that the obstruction complained of is an obstruction of the moiety of the river on the Iowa side, and within the admitted jurisdiction of the Court. There can, therefore, be no want of power in the Court to deal with this part of the obstruction. Indeed, it is the only Federal Court that can deal with it.
I have not been able to discover any answer to this view, as it respects the jurisdiction of the Court, or its duty' to exercise it. It is admitted, that this moiety of the river has been wholly obstructed so far as the free navigation of the same is concerned —a total obstruction by the erection of the bridge.
I am aware, it is said, or. intimated, that the main navigable channel of the river is on the Illinois side; and hence the removal of the obstruction on the Iowa side, could not remedy the wrong complained of. But is this an answer ? It may be admitted, that the channel on the Illinois side affords the best navigable channel at all seasons of the year, for the passage of boats. But the Iowa side or moiety is also navigable; and, perhaps, for two-thirds of the season quite equal to that on the other side, if not in a superior degree, for the navigation of many of the boats and water-craft employed on this river. Even in the season of low water the depth of the water on the Iowa side ranges from «ix to ten feet at or near the bridge, as shown by the surveys of the Government Engineers.
. But I do not place my dissent to the opinion of the Court wholly, nor even mainly, on the ground above stated, but upon much higher and broader ground.
The right to a free and unobstructed navigation of this river on the part of the public, and especially of the citizens of the United States, depends upon the Constitution and the Laws of the United States — the public law of the country.
The local laws of the States have no control over it. I speak now of the free and unobstructed navigation of the river, and *498 according to this general or public law, the right of navigation exists over every part of it. No principle is better settled or more generally .admitted. The reason given is well stated by Lord Denman, in Williams vs. Wilcox, (8 Ad. & Ell., 314), and perhaps no river or navigable stream affords a better illustration of the soundness of the principle, or of the reasons upon which it is founded, than the river in question. The reasons are, “ that the nature of the highway which a navigable river affords,— liable to be, affected by natural and uncontrollable causes, presenting, inconveniences in different parts and in different sides,’ according .to changes of wind or direction of the vessel, ■ ,- and attended by the important circumstance, that, upon no one ‘ is- any duty imposed by the common law to do that which would be analogous* to the ordinary repair of a common highway to . remove obstructions, namely, clear away sand banks and preservé any accustomed channel, — all these considerations,” he observes, “make it an almost irresistible conclusion that the paramount right, if it existed at all, must have been a right in every part of the space between the banks.”
Now, this principle, if acknowledged and applied in this case, affords not only ground for the exercise of the jurisdiction oi the Court, but makes it a duty to.inquire into the question of obstruction, and deal with it according as the pleadings and proofs may require or justify.
' I agree that this principle has been modified by the judgment offfhis Court in the case of the Wheeling Bridge, in its'endeavor to harmonize this public right of navigation with the subordinate right of the States to erect bridges over these navigable waters.
The Court there determined that in the erection of a bridge under State authority, if there still existed a free and unobstructed navigation of the river, the bridge would not be considered a nuisance, but upheld as lawful.
The bridge in question is entitled to the benefit of this modification of the principle. And I agree that if there is a free and unobstructed navigation of this river on the Illinois side, it would afford an answer to the admitted obstruction on the side in Iowa. But this is the only answer that can be given, and it *499 is apparent that this answer raises the question whether or not such a channel was left open, a question which the Court must hear and determine, and without hearing and determining which in favor of the defendants, the decree must pass against them.
It seems to me, therefore, without pursuing the case further that the material question in the case before the Court below was whether, notwithstanding the erection of the bridge, a free and unobstructed navigation for the passage of boats existed on the Illinois side of the river; and hence, necessarily, whether or not the bridge constituted an obstruction over that channel.. If it did not, then the case fell within the qualification of the principle as applied in the Wheeling Bridge case. If it did, then clearly no defence was shewn to the admitted obstruction of that part of the river on the Iowa side.
I express no opinion upon the question of fact, the obstruction, as that question is not reached according to the decision of a majority of the Court.
I am requested to state that Mr. Justice Wayne and Clifford concur in this opinion.